# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES D. BARRY,<br>      Plaintiff,<br>  v.<br><br>PHILLIP M. WHEELER, *et al.*,<br>      Defendants.<br><br>and<br><br>FRANCISCO SEURO, *et al.*,<br>      Plaintiffs,<br>  v.<br><br>PHILLIP M. WHEELER, *et al.*,<br>      Defendants. | No. 4:16-CV-02248<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### APRIL 30, 2019

Defendants Phillip M. Wheeler and Werner Enterprises, Inc. ("Werner") have moved for summary judgment, and for the following reasons, that motion will be granted in part and denied in part.

## I. BACKGROUND[1]

James Barry, Francisco Suero, and Phillip Wheeler were involved in a multi-vehicle accident on a snow-covered and icy I-80 in Lamar Township, Clinton County, Pennsylvania. To summarize the accident, Barry rear-ended Suero and

---

[1] Relevant factual background is derived from Wheeler and Werner's Statement of Facts (ECF No. 64), Barry's Response to Wheeler and Werner's Statement of Facts (ECF No. 67 & 71), and Suero's Response to Wheeler and Werner's Statement of Facts (ECF No. 78).

Wheeler. But understanding exactly how events unfolded (and who is to blame) is hotly disputed as each eyewitness tells a different story.

According to Wheeler, Suero, who was driving in the right lane, observed red taillights and vehicles sliding around in front of him. To avoid the impending vehicular morass, Wheeler alleges that Suero moved into the left lane and slowed down substantially. Wheeler states that he was driving behind Suero, and when Suero changed lanes, Wheeler passed him. After passing Suero, Wheeler struck a box truck that had spun out of control. Wheeler maintains that he never made contact with Suero. Wheeler alleges that Barry, who was behind both Suero and Wheeler, was driving too fast for the conditions and, consequently, could not react to either Suero's slowdown or Wheeler's collision with the box truck, and Barry crashed into both of them.

Suero tells a different story. According to Suero, Wheeler was driving at unsafe speeds and caused multiple accidents involving four different passenger vehicles. After seeing these Wheeler-caused accidents in front of him, Suero moved to the left lane and began to slow down. Suero explains that he had no choice but to bring his tractor-trailer to a complete stop. Because Barry was driving too fast for the conditions, Suero explains, Barry ultimately rear-ended both Suero and Wheeler.

Barry's version differs, too. According to Barry, Wheeler, who was driving in excess of the speed limit, began "fishtailing" and struck other vehicles on the

highway, including Suero. Barry believes it was Wheeler's driving that caused Suero to come to a complete stop, blocking the left lane of the highway. Barry also alleges that Wheeler eventually stopped his tractor-trailer in the middle of the highway. According to Barry, then, Suero and Wheeler's decisions to stop their tractor-trailers effectively blocked the west-bound lanes of the interstate, and Barry was unable to avoid the collision.

Barry filed a complaint in the United States District Court for the Middle District of Pennsylvania alleging various negligence claims against Wheeler, Wheeler's employer, Werner, Suero, and Suero's employer, United Parcel Service, Inc.[2] Suero[3] filed a complaint in the United States District Court for the District of New Jersey alleging various negligence claims against Wheeler, Werner, Barry, and Barry's employer, U.S. Cross Country Auto Trans.[4] Both cases were consolidated in this Court for pre-trial discovery and for trial as to liability.[5]

Defendants Wheeler and Werner presently move for summary judgment against Barry and Suero. Wheeler and Werner argue that Wheeler's alleged negligence did not factually cause Barry and Suero's damages.[6] Wheeler and

---

[2] M.D.Pa. Complaint (ECF No. 1).

[3] Suero and the Estate of his Wife, Maria Suarez, are both plaintiffs in this action, but for ease of reading, Suero is referred to as a singular plaintiff throughout this memorandum opinion.

[4] D. N.J. Complaint (4:17-CV-00106, ECF No 1).

[5] D. N.J. Order (4:17-CV-00106, ECF No. 20); M.D.Pa. Order (ECF No. 13). The case before the District of New Jersey is now closed.

[6] Motion for Summary Judgment (ECF No. 64); Brief in Support (ECF No. 65) at 13-14.

Werner also seek dismissal of Barry's claims for punitive damages, and Werner seeks dismissal of Barry's negligent hiring and entrustment claims.[7]

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[9] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[10] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[11] The same principles apply to cross-motions for summary judgment.[12] The court considers each motion independently and is not obligated to grant summary judgment for either party.[13]

---

[7] Brief in Support (ECF No. 65) at 14.

[8] Federal Rule of Civil Procedure 56(a).

[9] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986)).

[10] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[11] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[12] *Peters Township School Dist. v. Hartford Accident and Indem. Co.*, 833 F.2d 32, 34 (3d Cir. 1987).

[13] *Rains v. Cascade Industries, Inc.* 402 F.2d 241, 245 (3d Cir. 1968).

### B. Plaintiff Barry and Plaintiff Suero's Negligence Claims Against Werner and Wheeler

Defendants Werner and Wheeler argue that that Barry and Suero have failed to state a prima facie case of negligence because Wheeler did not cause their injuries.[14]

To sustain a negligence claim against Wheeler under Pennsylvania law, Barry and Suero each must prove, *inter alia*, factual and proximate causation.[15] Factual causation, which is "a *de minimis* standard . . . under which even the most remote and insignificant force may be considered the cause of an occurrence,"[16] requires "proof that the alleged injury would not have occurred but for the negligent conduct of the defendant."[17] Proximate causation, which "assumes the presence of cause in fact and serves as a means by which courts are able to place practical limits on liability as a matter of policy," requires "the alleged wrongful acts [to be] a substantial factor in bringing about the plaintiff's harm."[18]

---

[14] Brief in Support (ECF No. 65) at 15.

[15] *Morena v. South Hills Health Sys.,* 462 A.2d 680, 684 n. 5 (Pa. 1983) (setting forth elements of prima facie negligence claim); *Redland Soccer Club, Inc. v. Department of Army,* 55 F.3d 827, 851 (3d Cir. 1995) (differentiating between proximate and factual causation).

[16] *General Refractories Company v. First State Insurance Co.*, 855 F.3d 152, 161 (3d Cir. 2017) (quoting *Takach v. B.M. Root Co.*, 420 A.2d 1084, 1086 (Pa. Super. 1980)).

[17] *Galullo v. Fed. Exp. Corp.*, 937 F. Supp. 392, 394-95 (E.D. Pa. 1996) (citing *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990)); *see also First v. Zem Zem Temple,* 686 A.2d 18, 21 n.2 (Pa. Super. 1996) ("In Pennsylvania, a negligent act is a cause-in-fact of the plaintiff's injuries 'if the harmful result would not have come about but for the negligent conduct.'").

[18] *Galullo,* 937 F. Supp. 392, 394-95.

Regarding factual cause, there are facts in the record suggesting that but for Wheeler's negligence, the accident would not have occurred. Barry and Suero have identified facts suggesting that Wheeler was speeding, his tractor-trailer was "fishtail[ing]," and his contact with multiple vehicles caused a pileup that resulted in Suero and Wheeler's tractor-trailers blocking the highway and causing Barry's eventual collision with Suero and Wheeler.[19]

Defendants arguments to the contrary fail. Defendants argue that Wheeler's actions did not factually cause Suero's damages because Wheeler's tractor-trailer never came into contact with Suero's.[20] But at a minimum, this fact is disputed. Although Suero testified at deposition that Wheeler never came into contact with Suero's tractor-trailer,[21] Barry testified that they did, observing that Wheeler's tractor-trailer and Suero's tractor-trailer "touch[ed] noses."[22]

Defendants argue that Wheeler's actions did not factually cause Barry's damages because Barry's damages arose from his own negligence in failing to maintain an assured clear distance ahead of him under the snowy conditions.[23] Even so, this Court has explained that Pennsylvania is a comparative negligence

---

[19] *See* Murray Deposition (ECF No. 68-2); Wheeler Deposition (ECF No. 68-3); Suero Interrogatory (ECF No. 68-4).

[20] *See* Brief in Support (ECF No. 65) at 17 (arguing that "[n]othing in movants' conduct caused Suero to move onto the left shoulder of the highway before being rear-ended by the Wheeler tractor trailer").

[21] Suero Deposition (ECF No. 64-5) at 6.

[22] Barry Deposition (ECF No. 68-1) at 7-9.

[23] Brief in Support (ECF No. 65) at 18.

jurisdiction which "recognizes that liability may be apportioned among party-defendants in chain reaction accident cases."[24] Deciding on such an apportionment requires sifting through facts; a task reserved for the jury.[25] Again, nearly every eyewitness has a different account of the accident and courts interpreting Pennsylvania law frequently reject invitations to make judgments regarding negligence and comparative negligence as a matter of law in motor vehicle accident cases on disputed factual records.[26] I reject Wheeler's invitation to make such a judgment here.

Regarding proximate cause, there are facts in the record that would allow a reasonable jury to conclude that Wheeler's actions created a blockage on the west-bound lanes of I-80, and that blockage was a substantial factor in bringing about Suero and Barry's damages.[27] "Whether a party's conduct has been a substantial

---

[24] *Doland v. Berrios*, No. 1:11–cv–01783, 2014 WL 3809962, at *3 (M.D.Pa. Aug. 1, 2014).

[25] *See Doland*, 2014 WL 3809962, at *3 (explaining that "sifting through the facts of this case to determine liability is a question of fact, and reserved for the jury"); *see also Peair v. Home Association of Enola Legion No. 751*, 430 A.2d 665, 669 (Pa. Super. 1981) ("the totality of causal negligence is a matter properly determined by the jury, and ... only in rare cases should a court hold as a matter of law that the negligence of one party is equal to or greater than that of the other") (citation omitted).

[26] *Jabara v. Lang*, No. 1:12–CV–1833, 2014 WL 47767, at *4 (M.D.Pa. Jan. 6, 2014) (citations omitted).

[27] *See* Murray Deposition (ECF No. 68-2); Wheeler Deposition (ECF No. 68-3); Suero Interrogatory (ECF No. 68-4); *see also Doland*, 2014 WL 3809962, at *3 ("Sudden stoppage of a vehicle on the roadway in adverse weather conditions, such as those alleged in this case, may create factual issues surrounding the proximate cause of an accident involving rear-end collisions behind the stopped vehicle.") (citing *Gensemer v. Williams,* 419 F.2d 1361, 1362 (3d Cir. 1970)).

factor in causing injury to another is ordinarily a question of fact for the jury," and it will remain so here.[28]

In sum, because evidence in the record would allow a jury to rule in Barry and Suero's favor, Defendants are not entitled to summary judgment on the issue of negligence.

### C. Barry's Punitive Damage Claims Against Werner and Wheeler

Because Barry has consented to dismissal of his punitive damage claims against Werner Enterprises, Inc. and Phillip M. Wheeler, summary judgment will be granted in Werner and Wheeler's favor on those claims.

### D. Barry's Negligent Hiring and Negligent Entrustment Claims Against Werner

Because Barry has also consented to dismissal of his negligent hiring and negligent entrustment claims against Werner Enterprises, Inc., summary judgment will be granted in Werner's favor on those claims.

---

[28] *See Vernon v. Stash*, 532 A.2d 441, 446 (Pa. Super. 1987) (explaining that causation can be removed from the jury "only where it is so clear that reasonable minds cannot differ on the issue") (citations omitted).

## III. CONCLUSION

For the reasons discussed above, the Motion for Summary Judgment filed by Defendants Werner Enterprises, Inc. and Phillip M. Wheeler will be granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge